**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID TORREZ,<br><br>            Petitioner,<br><br>    v.<br><br>J. NUEHRING, COCF Warden,<br><br>            Respondent. | No. CV 11-4682-VAP (PLA)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

      Petitioner initiated this action on June 1, 2011, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 which challenges his 1998 conviction in the Los Angeles County Superior Court. On June 6, 2011, the Magistrate Judge ordered petitioner to show cause why the Petition should not be dismissed as successive, in light of this Court's entry of judgment on October 8, 2004, dismissing petitioner's prior petition in Case No. CV 03-8257-VAP (PLA), which challenged the same conviction.

      To date, petitioner has not filed anything in the District Court in response to the Magistrate Judge's June 6, 2011, Order, and the deadline to do has passed. The Court observes, however, that on July 8, 2011, petitioner filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals (Docket No. 11-71898), and that the application is currently pending.

As explained in the Magistrate Judge's June 6, 2011, Order, a habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029. Because a dismissal of a prior habeas petition for untimeliness "presents a 'permanent and incurable' bar to federal review of the underlying claims," the Ninth Circuit has held that "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive." Id. at 1030.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In petitioner's 2003 federal habeas challenge, he raised the following claims: (1) the police violated petitioner's Fifth Amendment rights by not giving him "his constitutionally required warnings" before he was tape recorded; (2) petitioner's conviction and sentence were unlawfully imposed in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States

Constitution, and petitioner received ineffective assistance of trial counsel; (3) petitioner was denied his right to an impartial tribunal; (4) petitioner received ineffective assistance of trial counsel; (5) petitioner's sentence is unlawful because of prosecutorial misconduct that occurred during the sentencing phase of trial; (6) the trial court failed to "dispel the jury's manifest confusion regarding the definition of two crucial statutory factors"; (7) the trial court abused its discretion by allowing a prejudicial memorandum into evidence and by ignoring mitigating factors such as petitioner's lack of prior convictions during the sentencing phase of trial; and (8) petitioner was denied the effective assistance of appellate counsel. (See Final Report and Recommendation, entered on October 8, 2004). The action was dismissed with prejudice as untimely. (See Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on October 8, 2004). Petitioner's subsequent requests for a certificate of appealability were denied by this Court on December 22, 2004, and by the Ninth Circuit on April 19, 2005.

Because petitioner's earlier federal petition was denied as untimely under AEDPA's statute of limitations, the instant Petition is considered to be a second or successive application. McNabb, 576 F.3d at 1030. Petitioner asserts two grounds for relief in the instant Petition: ineffective assistance of counsel at sentencing and a violation of his Sixth Amendment rights at sentencing. (Petition at 5). Relying on the ruling by the United States Supreme Court in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), among other cases, petitioner contends that he was denied due process under the Sixth Amendment when the trial court relied on facts not presented to or found to be true by the jury as a basis for enhancing petitioner's sentence. (See Petition attachment at 7-11). To the extent petitioner contends that he should be permitted to file a successive petition under 28 U.S.C. § 2244(b)(2)(A) -- the provision allowing for the filing of a claim that relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court -- since the claims in the instant Petition are based on the Supreme Court's decision in Cunningham, which was decided after his 2003 federal habeas petition was denied, his argument fails. In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit held that although Cunningham is retroactively applicable to cases on collateral review, Cunningham did not announce a new rule because it "did not add any new elements or

criteria for determining when a state statute violates the Sixth Amendment. It simply applied the rule of Blakely[1] to a distinct ... state sentencing scheme." Id. (internal citations and quotation marks omitted). Thus, Cunningham does not satisfy the first requirement of § 2244(b)(2)(A), that a constitutional rule be newly recognized. See Wright v. Dexter, 546 F.3d 1096, 1097 (9th Cir. 2008) (Because "Cunningham 'did not announce a new rule of constitutional law[,]' ... [it] cannot form the basis of an application for a second or successive 28 U.S.C. § 2254 habeas corpus petition.") (quoting Butler, 528 F.3d at 639). To the extent the instant Petition relies on Apprendi, Blakely, and Booker (see Petition attachment at 2-11), the Ninth Circuit has held that Apprendi, Blakely, and Booker are not retroactively applicable to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002). Accordingly, none of these cases satisfy the second requirement of § 2244(b)(2)(A), that a constitutional rule be retroactive.[2]

In any event, even if it were found that the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek and obtain authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Although petitioner has now filed in the Ninth Circuit an application for leave to file a successive

---

[1] The Supreme Court's decision in Cunningham depended on the new rule announced by the Court in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), as well as the earlier case of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Blakely, the Supreme Court applied the rule set forth earlier in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490). Subsequently, in United States v. Booker, 543 U.S. 220, 227, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Supreme Court reaffirmed its holding in Apprendi, found that "the Sixth Amendment as construed in Blakely" did apply to the federal Sentencing Guidelines, invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory, and held that federal sentences on review would be subject to a review for reasonableness. See id. at 226-27, 243-46, 258-65.

[2] Further, because Apprendi was decided in 2000, the rule announced in Apprendi was not "unavailable" to petitioner when he filed his 2003 federal habeas petition in this Court. For this additional reason, petitioner's reliance on Apprendi fails to satisfy 28 U.S.C. § 2244(b)(2)(A).

petition, there is no indication that the Ninth Circuit has issued an order granting petitioner leave to do so. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Thus, the Court is without jurisdiction to entertain the Petition. See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

At this time, absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant Petition must be dismissed without prejudice. See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

DATED: July 29, 2011

HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE